GROSS PRODUCTION AND AUTO LICENSE TAX DISTRIBUTION
The gross production and auto license taxes should be distributed from the county which has the supervision of the school district. The Attorney General has considered your opinion request wherein you ask the following question: "Should the gross production and auto license taxes be distributed from the county which has the greatest area of the district or the county which has the supervision of the school district?" Section 49 (5-105 H.B. 1155, 1971 Leg.) of the 1971 Oklahoma School Code provides in part as follows: ". . . The supervision of a school district lying in more than one county shall remain with the county that had such supervision as of July 1, 1958, except that upon a majority vote of the school district electors voting at the annual school district election or at a special school district election called for such purpose, the supervision of the school district lying in more than one county may be changed to the county superintendent of schools of any one of the counties represented in said district. Said change shall be effective upon the first day of July next succeeding the date of such meeting . . ." Attorney General Opinion dated November 6, 1953, held that a joint school district participates in apportionments of the auto license taxes and gross production taxes to the county in which the largest part of the district area lies at the beginning of the fiscal year. The change of supervision as provided by Section 49 of the Code relates to the supervising authority being vested in another county superintendent. Also, the name of the school district would be changed in conformance thereto. Accordingly, the jurisdictional authority so changed would assign said authority new duties pursuant to the following sections: Section 350 (47 O.S.Supp. 1970, 22.2) of the 1971 School Code provides that: ". . . Ninety-five percent of all license fees and penalties collected or received by the Commission . . . shall be apportioned to the county in which the money was collected, for the use and support of the common schools of the county. Such money shall be remitted to the county treasurer and by him apportioned on average daily attendance per capita distribution basis, as certified to him by the county superintendent of schools to the school districts of the county where such pupils attend school . . ." (Emphasis added) Section 351 (68 O.S. 827 [68-827] (1970)) of the Code provides that: ". . . One-tenth of the sum collected from each county whence the oil or natural gas and/or casing head gas or asphalt or ores bearing uranium, lead, zinc, jack, gold, silver or copper or other mineral or substance covered hereby was produced shall be paid to the county treasurer of such county, and by him apportioned, on an average daily attendance per capita distribution basis, as certified to him by the county superintendent to the school district of the county where such pupils attend school regardless of residence of such pupils . . ." (Emphasis added) The Attorney General Opinion herein cited concerns itself only with the question of when the change is effected after an annexation has caused the largest portion of a school district to shift from one county to another. It is clear from Section 50 that such change would take effect at the beginning of the fiscal year occurring next after said shift: but where the supervisory control of a school district has been changed, Sections 350 and 351 of the School Code, require certification of the monthly apportionment of the tax money and it therefore follows that the new supervisory control of the district would assume that burden of certification, but not until the following fiscal year after such change has been effected. Therefore it is the opinion of the Attorney General that your question be answered as follows: The gross production and auto license taxes should be distributed from the county which has the supervision of the school district. (Larry L. French)